CIPRIANO MANRIQUE, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 1037. Argued June 3, 1935.—Decided June 7, 1935.

*Antonio L. López* for petitioner. Respondent did not appear.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Amparo Díaz brought an intervention proceeding to recover personal property against Cipriano Manrique and the heirs of Ramón López Alvarado, to wit, Josefa Alvarado and Consuelo Díaz. The defendant interposed a demurrer to the complaint in intervention which was sustained by the municipal court, and which culminated later in a judgment rendered by the said court dismissing the complaint, without costs. The intervener appealed from this judgment. The appeal was filed in the District Court of Humacao on September 13, 1934, and the parties were notified by mail on the same date.

On February 18, 1935, the defendant filed a motion in the district court to dismiss the appeal, on the ground, among others, that the appellant had not requested the inclusion of this case in the first general calendar of the court subsequent to the filing of the appeal. The appellant, who was notified of this motion, filed no opposition and was not present at the hearing of the same which was held on April 22, 1935. The district court denied the motion to dismiss, and now Cipriano Manrique requests that the order of the lower court be reviewed on the ground, among others, that Act No. 31 of 1934 (Session Laws, p. 292), to regulate appeals from judgments of municipal courts in civil cases, requires the appellant to request the inclusion of the case in the calendar or

docket of civil actions in the first reading held subsequent to the filing of the case, and this provision being of a mandatory character, the order is based on an error which is reviewable by certiorari.

██ Section 3 of the cited act reads, in its pertinent part, as follows:

"The secretary of the district court shall place the cause on the docket of civil actions, serving notice on the parties in interest. The appellant shall request the inclusion of said action in the calendar of civil actions in the first reading that may be held subsequent to the filing of the case . . . If the appellant fails to request the inclusion of the case in the calendar, the district judge shall dismiss the appeal, imposing the costs on the appellant; and the secretary shall immediately return the cause to the inferior court for the execution of the judgment appealed from."

The foregoing provisions are identical with those contained in section 3 of Act No. 93, promulgated on March 31, 1919, and published as an appendix to volume II of the Laws of 1917. Construing the said provisions in the case of *Marrero* v. *Müller*, 35 P.R.R. 339, this court said:

"We have been in some doubt as to whether the provisions of this Act of 1917 were totally mandatory, and likewise whether they did not leave some discretion in the district court, but on the whole we are convinced that the idea of the Legislature was that the inclusion in the calendar was one of the necessary steps by which an appellant perfected his appeal. The appellant does not question that it is the duty of the court to dismiss an appeal if the case is actually not included by reason of the failure of the appellant so to request. On the theory of such imperative duty on the part of the appellant he was bound to act immediately. He could have saved all question by requesting the secretary to include his case in the first call of the calendar, or take some other appropriate step. We regret the necessity for the action in this case, but it seems to be a matter of *lex scripta*, a specific determination by the Legislature."

This doctrine was confirmed in the case of *Morales* v. *District Court*, 35 P.R.R. 835, and in the case of *Guerra* v.

*Carrión,* 47 P.R.R. 757, where it is said that there is no question as to the mandatory nature of the statute. The Legislature of Puerto Rico, being aware of the viewpoint of this court, incorporated the said act of 1917, which had been held not to have been properly enacted at the time, into our legislation of 1934.

There is no doubt that when the appellant remains inactive, without requesting the inclusion of the case in the calendar or docket of actions at its first reading, the appeal must be dismissed. The petitioner so concedes, but he calls our attention to the practice established in the District Court of Humacao where there is no reading of the civil calendar, and the cases are set for trial in chambers, the parties later being notified by the clerk of the court. The petitioner alleges that in order to harmonize this procedure with the provisions of the statute, a rule was established and approved by the Attorney General on October 17, 1934. This rule textually reads as follows:

"Appeals from judgments of the municipal courts in civil cases in accordance with the act approved on March 11, 1908, will be set for hearing within the permanent calendar once the appellant has requested the hearing, which he should do within the period of ten days following notice from the clerk of the filing of the appeal. If the hearing is not requested within the said period of ten days, the clerk will advise the court, which will then dismiss the appeal in accordance with the provisions of Act No. 31 of 1934."

We have some doubt as to the validity of this rule which fixes a period of ten days for the appellant to request the inclusion of the case in the calendar or docket, counted from the date on which he is notified of the filing of the appeal. The statute, however, was enacted for application to all district courts and to all cases in which an appeal is taken from a judgment of a municipal court. It is not possible to establish exceptions; the letter of the law clearly expresses the intention of the lawmaker, and no district court may refuse to dismiss an appeal where the mandate

of the statute has not been complied with. The District Court of Humacao cannot be excluded from the effects of this mandatory provision because of the fact that the judge sets the cases in chambers instead of doing so at a public hearing. The attorneys and the parties know that this is the practice of the court, and it is their duty to employ the greatest possible diligence in appeals from municipal courts, endeavoring to request the setting of the case within a reasonable time after the appellant has been notified of the filing of the appeal in the appellate court. The term fixed by the rule of the District Court of Humacao for requesting the inclusion of a case in the calendar or docket of civil cases may or may not be in keeping with the provisions of the statute. But there is no doubt as to the excessive delay of the appellant in this case in requesting the said inclusion. The fact that there is no reading of the calendar in Humacao is not an obstacle to the inclusion of the case in the first calendar of civil cases following the filing of the appeal. As we have already said, the appeal was filed in the District Court of Humacao on September 13, 1934, and when, on February 18, 1935, the appellee filed in the said court a motion to dismiss the appeal, the appellant had not yet asked that the case be included in the calendar of civil cases, in spite of the fact that more than five months had elapsed since the date on which he was notified of the filing of the appeal.

The order of the lower court must be vacated, and another rendered instead dismissing the appeal.